# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARIO AGUILAR,                  :
                               :    Civil Action No. 10-1819 (RBK)
            Petitioner,        :
                               :
       v.                      :    **OPINION**
                               :
WARDEN BONDWASKI,              :
                               :
            Respondent.        :


**APPEARANCES:**

   **DARIO AGUILAR,** Petitioner <u>pro se</u>
   #174046
   Atlantic County Justice Facility
   5060 Atlantic Avenue
   Mays Landing, New Jersey 08330

**KUGLER,** District Judge

   This matter is before the court pursuant to a petition for a
writ of habeas corpus under 28 U.S.C. § 2241, filed by petitioner
Dario Aguilar ("Aguilar"), on or about April 9, 2010.  The named
respondent is Warden Bondwaski.  Petitioner failed to pay the
$5.00 filing fee, or submit a complete application to proceed <u>in</u>
<u>forma</u> <u>pauperis</u>.[1]

_____

   [1] Aguilar submitted an affidavit of indigency with his
application for <u>in forma pauperis</u> ("IFP"), but did not submit his
institutional account statement and a trust account certification
form signed by an authorized officer of the facility where
Aguilar is confined, as required under <u>Local Civil Rule</u> 81.2(b).
Consequently, the Court cannot grant the IFP application at this
time, and will direct petitioner to either pay the $5.00 filing
fee or submit a complete IFP application as required under
<u>L.Civ.R.</u> 81.2(b).

For the reasons set forth below, this Court finds that habeas relief under § 2241 is unavailable, and this habeas action must be dismissed without prejudice.

## I.   BACKGROUND

According to the allegations contained in the petition, Aguilar states that he was arrested on April 22, 2009,[2] and is still awaiting for an indictment to be submitted under the New Jersey Court Rule 3:25-3.  (Petition, ¶ 1).  Aguilar contends that he is being unlawfully detained in violation of the Sixth Amendment of the United States Constitution.  (Pet., ¶¶ 2, 4).  He alleges that he has filed two motions for his release before the New Jersey state court.  (Pet., ¶ 3).

## II.   ANALYSIS

A.   Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Aguilar brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S.

---

[2]  Aguilar mistakenly wrote April 22, 2010, which clearly was in error since he submitted his petition to the Court on or about April 9, 2010.  Consequently, the Court presumes that Aguilar intended to write April 22, 2009, as his date of arrest.

97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A
pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  <u>See Royce
v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney
General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v.
Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399
U.S. 912 (1970).

B.  <u>Jurisdictional Issue</u>

Federal courts have jurisdiction, under 28 U.S.C. § 2241, to
issue a writ of habeas corpus before a judgment is entered in a
state criminal proceeding.  <u>Moore v. DeYoung</u>, 515 F.2d 437, 441-
42 (3d Cir. 1975).  Addressing whether a federal court should
ever grant a pretrial writ of habeas corpus to a state prisoner,
the United States Court of Appeals for the Third Circuit has
held:

    (1)   federal courts have "pre-trial" habeas corpus
           jurisdiction;

    (2)   that jurisdiction without exhaustion should not be
           exercised at the pre-trial stage unless extraordinary
           circumstances are present ... ;

    (3)   where there are no extraordinary circumstances and
           where petitioner seeks to litigate the merits of a
           constitutional defense to a state criminal charge, the
           district court should exercise its "pre-trial" habeas
           jurisdiction only if petitioner makes a special showing
           of the need for such adjudication and has exhausted
           state remedies.

<u>Id</u>. at 443.

Here, Aguilar seeks his release from custody.  He admits that he has filed two motions in state court, and that his case has been sent to the Grand Jury for indictment, which allegedly has not yet occurred.  Thus, it appears that petitioner's claim for release has not been exhausted in his state court proceedings.

Moreover, Aguilar does not allege any "extraordinary circumstances" that would justify intervention by a federal court at this time.  See Moore, 515 F.2d at 445-46 (there is nothing in the nature of the speedy trial right that qualifies it as a per se "extraordinary circumstance").  As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.  Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir.1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U .S. 1014 (1980).  See also Younger v. Harris, 401 U.S. 37

4

(1971)(constitutional challenges must be raised in pending state criminal cases; a federal court generally will not intercede to consider issues that plaintiffs have an opportunity to raise before the state court).[3]

Aguilar admittedly has an opportunity to litigate his claim for release in state court, as he has alleged that he has filed two motions in state court.  Therefore, because Aguilar has failed to exhaust these claims before the New Jersey state courts, and  given the complete absence of any "exceptional circumstances" that would justify federal intervention in Aguilar's pending state proceedings, this Court finds that the petition must be dismissed without prejudice at this time.

---

[3]     The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before the Younger abstention may be invoked:
> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  Here, Aguilar's criminal proceedings are pending; thus, state proceedings implicating important state interests are ongoing and Aguilar has the opportunity to raise his claims for release in his state proceedings.  Accordingly, this Court is constrained by Younger to dismiss these claims without prejudice.

III.  <u>CONCLUSION</u>

For the foregoing reasons, the petition for habeas relief under 28 U.S.C. § 2241 will be dismissed without prejudice.  This Court otherwise makes no determination as to the merits of petitioner's claims.  An appropriate Order follows.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

DATED: October 20, 2010